**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRUCE WHITEHEAD** | **CIVIL ACTION** |
| **VERSUS** | **NO.:   15-6362** |
| **JAMES LEBLANC** | **SECTION: "E"(5)** |

<u>**REPORT AND RECOMMENDATION**</u>

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).   For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

*Procedural History*

Petitioner, Bruce Whitehead, is housed in the St. Tammany Parish Work Release in Slidell, Louisiana.   On May 1, 2012, Whitehead pleaded guilty to one count of possession with intent to distribute cocaine and one count of fourth-offense possession of marijuana.[1] He was sentenced to fifteen (15) years imprisonment on each count.   The State filed a

---

[1] State Rec., Vol. 1 of 3, Parish of St. Tammany, Bill of Information.

multiple bill of information charging him as a second-felony offender for possession with intent to distribute cocaine and the sentence on that count was vacated.    Whitehead pleaded guilty as a second-felony offender and he was sentenced to fifteen (15) years imprisonment without benefit of probation, parole or suspension of sentence, both counts to be served concurrently and concurrent with his sentence being served on a parole revocation.[2]    On May 21, 2012, he filed a *pro se* motion for reconsideration of the sentence.[3] On June 11, 2012, he filed a *pro se* motion for production of transcripts and documents.[4]    On June 13, 2012, the trial court denied the motion for reconsideration.    On June 19, 2012, the trial court granted his motion for production of documents.    He did not appeal the conviction or sentence.

On April 3, 2014, Whitehead, through counsel of record, filed an application for post-conviction relief and a motion to correct an illegal sentence with the state district court.[5]    In his post-conviction application, he asserted that his guilty plea was not knowingly or voluntarily entered and that counsel rendered ineffective assistance.    His related motion

---

[2]  State Rec., Vol. 1 of 3, *Boykin* Transcript, pp. 64-67; *see also* Reasons for Judgment (May 22, 2012).

[3]  State Rec., Vol. 1 of 3, Motion for Reconsideration of Sentence.

[4]  State Rec., Vol. 1 of 3, Motion for the Production of Transcripts and Document Exception R.S. 44:32 C.

[5]  State Rec., Vol. 1 of 3, Uniform Application for Post-Conviction Relief, Motion to Correct Illegal Sentence, Motion and Order for Evidentiary Hearing and Motion and Order to Compel District Attorney to Respond.

challenged the guilty plea to the multiple-offender bill of information and his enhanced sentence based on an insufficient colloquy and advisement of rights.    The trial court denied the motions by order signed May 1, 2014.[6]   He filed a notice of intent to seek writs and motion for extension of time, and was granted until July 1, 2014 to file his writ application in the court of appeal.    He timely filed a counseled application for supervisory writs, which was denied by the Louisiana First Circuit Court of Appeal on September 23, 2014.[7]   He subsequently filed a timely, counseled writ application with the Louisiana Supreme Court, which was denied on April 17, 2015.[8]

On November 26, 2015, Whitehead filed his federal application for *habeas corpus* relief.[9]   In his petition, Whitehead claims: (1) he did not knowingly and voluntarily enter the guilty plea to the charge of possession with intent to distribute cocaine or the multiple bill and (2) his attorney was ineffective for failing to conduct adequate discovery before advising him to plead guilty and for failing to advise him that the agreement included an

---

[6]  *Id.*; District Court Order denying relief (May 1, 2014).

[7]  State Rec., Vol. 2 of 3, Louisiana First Circuit Writ Application No. 2014-KW-0955; *State v. Whitehead*, No. 2014-KW-0955 (La. App. 1st Cir. Sept. 23, 2014).

[8]  Louisiana Supreme Court Writ Application No. 2014-KP-2197; *State v. Whitehead*, 2014-KP-2197 (La. 4/17/15), 168 So.3d 396.

[9]  Rec. Doc. 1, 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.   "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."   *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir.2003).   Petitioner signed his federal application on November 26, 2015, so presumably the application could not have been placed in the prison mailing system any earlier than that date.

enhanced sentence as a second-felony offender and ineligibility for good-time credit.

*Analysis*

Initially, the Court must determine whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court, *i.e.*, the petitioner must have exhausted state-court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir.1997) (citing 28 U.S.C. § 2254(b),(c)). The State concedes that Whitehead has exhausted his state-court remedies with respect to all of the claims and does not argue that the claims have been procedurally defaulted; however, the State submits that the petition is untimely. For the following reasons, the Court agrees and finds the petition to be untimely.

A. *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because Whitehead filed his *habeas* petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. § 2244(d) provides, in pertinent part:

(1)     A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

        A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

        the United States is removed, if the applicant was prevented from filing by such State action;

C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."     With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a

conviction: either direct review is completed or the time to pursue direct review expires).

Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir.2008).

Whitehead pleaded guilty and was sentenced on May 1, 2012.    He filed a motion to reconsider the sentence, which was denied on June 13, 2012.    Because he did not file a direct appeal within the 30 days allowed by state law, his conviction and sentence became final no later than July 13, 2012.[10]    Accordingly, the period that he had in which to file his federal application for *habeas corpus* relief with respect to his state criminal judgment commenced on that date and expired one year later – on July 15, 2013 – unless that deadline was extended through tolling.[11]

---

[10]    Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence.    La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).    A motion to reconsider is timely if filed within 30 days of the sentence.    La. Code Crim. P. art. 881.1.    A failure to move timely for appeal under article 914 renders the conviction and sentence final at the expiration of that period.    *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[11]    July 13, 2012 (one year from the date Whitehead's conviction became final) fell on a Saturday.    The deadline was therefore July 15, 2012.    *See* Fed. R. Civ. P. 6(a)(1)(C) (when computing time, "include the last day of the period, but if the last day is a Saturday … the period continues to run until the end of the next day that is not a Saturday, Sunday, or

The Court finds no basis for statutory tolling in this case.   Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2).   However, Whitehead had no such applications pending before the state courts during the applicable one-year period.   Although he filed an application during that period requesting documents, it is clear that such an application is not considered an "application for State post-conviction or other collateral review" for tolling purposes, because it is preliminary in nature and does not directly call into question the validity of a petitioner's conviction or sentence.   *Higginbotham v. Tanner*, Civ. Action No. 10–1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); *Parker v. Cain*, Civ. Action No. 02–0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), *certificate of appealability denied*, No. 03–30107 (5th Cir. June 23, 2003); *Boyd v. Ward*, Civ. Action No. 01–493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), *certificate of appealability denied*, No. 01–30651 (5th Cir. Aug. 22, 2001).   The one-year federal limitations period continued to run interrupted and expired on July 13, 2013.   His state-court application for post-conviction relief and motion to correct illegal sentence were not filed until April 3, 2014, well after the one-year federal limitations period had already expired.   This sequence of events cannot possibly afford him any tolling benefit.   *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.

---

legal holiday").

2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001); *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).   Simply put, once the federal limitations period expired, "[t]here was nothing to toll."   *Butler v. Cain,* 533 F.3d 314, 318 (5th Cir. 2008); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (missing the AEDPA deadline by even a few days nevertheless renders a federal petition untimely).   Because Whitehead had no other state applications pending at any time during the one-year limitations period, he clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).

B. *State-Created Impediment*

Whitehead cites Section 2244(d)(1)(B), arguing that an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States," existed and prevented him from accessing the courts from the date he was sentenced (May 1, 2012) until his mother was able to retain the services of an attorney to file an application for post-conviction relief on his behalf (April 3, 2014).   He claims that a prison policy at St. Tammany Parish Prison prevented him from accessing legal materials or competent, effective legal assistance necessary to file a timely post-conviction application in the state courts.   Whitehead set forth the following purported deficiencies:

> At the St. Tammany Parish Prison, the policy that was set up by prison officials required inmates to have knowledge of the citations of case law material of legal forms up front before it would be provided to them by prison staff.   Petitioner tried to obtain Federal and State case law material; nevertheless, he had no foundation to begin the process to act on establishing any

> Post-Conviction claims due to the above standards.   The
> prison administration provided Inmate Counsel who were
> untrained in the law and were only available at the La. DOC
> disciplinary Board Hearing for in-house conduct reports to
> represent inmates.   The assigned Inmate Counsels had no
> access to case law resources to help assist offenders because the
> prison staff had the only access to the computers were [sic] case
> law material or legal forms were available.

Section 2244(d)(1)(B) allows a petitioner to "file a habeas corpus petition within one year from 'the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.' "   To establish a state-created impediment, "the prisoner must show that: (1) he was prevented from filing a petition, (2) by State action, (3) in violation of the Constitution or federal law."   *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir.2003).   In this case, that is, Whitehead must show that the circumstances alleged actually prevented him from filing in violation of the Constitution and federal law.   *Egerton*, 334 F.3d at 436–37; *see also Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (holding that a petitioner "must also show that the [impediment] actually *prevented* him from timely filing his habeas petition") (emphasis in original).   Whether a state-created impediment prevented a petitioner from filing a *habeas* petition under Section 2244(d)(1)(B) is a fact-intensive inquiry.   *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 n. 6, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (Section 2244(d)(1)(B) requires claim-by-claim consideration); *Egerton*, 334 F.3d at 438 (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc)).

Regarding the right of access, the United States Fifth Circuit Court of Appeals has

explained:

> "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir.1993) (footnote omitted). This right prohibits state prison officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

*Manning v. Sumlin*, 540 F. App'x 462 (5th Cir. 2013).    Furthermore, to prevail on such a claim, a petitioner cannot simply allege that a legal library or other form of assistance was inadequate.    The Supreme Court has cautioned that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense .... [T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."    *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (emphasis added) (noting that there is no "abstract, freestanding right to a law library or legal assistance"); *see also Krause v. Thaler, supra*.

Whitehead has not made the requisite showing based on his general allegations with respect to the legal-materials-request policy and scope of legal assistance, in order to demonstrate a state-created impediment under § 2244(d)(1)(B).    He fails to explain with specificity how the alleged deficiencies actually hindered his efforts to pursue his claims within the statute of limitations.    Although he alleges that he was diligent in pursing his

post-conviction claims, he offers nothing to show any real attempts whatsoever, much less that those attempts were somehow thwarted by state officials.     Whitehead's contention that officials impeded his access to legal materials (the expedience of which is somewhat understandable under the circumstances) is entirely without foundation, given that he admits he could have requested any and all materials he desired.     He does not allege that his requests were denied or that the law library was inadequate.     Rather, he complains that "he had no foundation to *begin* the process to act on establishing any post-conviction claims," presumably due to his lack of knowledge with respect to the law and post-conviction process.[12]     However, Whitehead cannot show he was impeded when he made no attempt to avail himself of the legal resources offered and made available by the prison.     Moreover, the availability of inmate counsel did not impact Whitehead's ability to obtain those legal resources, which he himself admittedly did not do.     In this case, any impediment was plainly self-imposed.     Therefore, Section 2244(d)(1)(B) is inapplicable.

C. *Equitable Tolling*

Based on the foregoing, Whitehead's application must be dismissed as time-barred unless he can demonstrate that he is entitled to equitable tolling.     Although he does not expressly argue for equitable tolling, the Court has nonetheless considered the same set of allegations discussed above as possibly supporting a finding of equitable tolling, but finds

---

[12]   The Court notes that the motion for transcripts and documents he filed *pro se* in June 2012 suggest otherwise.

that they do not and cannot support such a finding.

The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling.    *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).    However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing."    *Id*. at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").    A petitioner bears the burden of proof to establish entitlement to equitable tolling.    *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002).    In this case, Whitehead has cited nothing that would demonstrate an extraordinary circumstance or reasonable diligence on his part in pursuing his rights in state or federal court.    *See Tate v. Parker*, 439 F. App'x 375 (5th Cir. 2011) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling"); *see also Tsolainos v. Cain*, 540 F. App'x 394, 397 (5th Cir. 2013) (citing *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ([E]quitable tolling "is not intended for those who sleep on their rights.")).

In sum, the instant petition was filed after the federal limitations period expired. Even viewing his petition and the arguments therein in the broadest possible light on the

issue, Whitehead has failed to demonstrate that tolling principles render his petition timely. Therefore, his federal *habeas corpus* petition should be dismissed with prejudice as untimely.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Whitehead's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[13]

New Orleans, Louisiana, this __21st__ day of ____September____ 2016.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.